```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 4:06 CR 404 ERW
                                 )                    DDN
NATHAN WALKER,                   )
                                 )
          Defendant.             )
```

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  An evidentiary hearing was held on September 5, 2006.

Defendant Nathan Walker has moved to suppress evidence and statements (Docs. 8 and 15), and the government has moved for a pretrial determination of the admissibility of defendant's confession (Docs. 9 and 10).

From the evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:


**FACTS**

1.   During the late afternoon of February 16, 2006, St. Louis Metropolitan Police Officer Donnell Walters, a member of the North Patrol Response Team, was on uniform patrol with Officers Ryan Cousins and Lloyd White in a police vehicle.  As they were driving north on Hodiamont they saw a subject, later identified as defendant Nathan Walker, walking back and forth in the entrance mouth of an alley.  The officers stopped their vehicle, alighted from it, and walked up to Walker, intending to conduct a consensual interview with him.

2.   Officer Walters told Walker that they wanted to talk with him because this was a high crime area and they wanted to see who was living in the area.  In answer to the officer's questions, Walker provided biographical information about himself.  As Officer Cousins turned to

walk to the police car to run a computer check on Walker, Walker suddenly became agitated. He spoke obscenities and said something to the effect that he was wanted. Officer Cousins immediately returned to Walker and told him to relax.

    3. At that time, Walker pushed Officer Walters into the police vehicle and ran. Officer White tried to stop him by grabbing his jacket, but Walker came out of his jacket and ran off. Running after Walker, Officer White then fell on Walker. Walker lost his footing and fell with Cousins landing on top of him. Ultimately, Walker was stopped on a parking lot one and a half blocks away from the original encounter. Walker resisted when Officer Walters tried to handcuff him.

    4. When Walker was handcuffed, he was patted down for weapons. In a pants pocket the officers found a pistol. Officer White retrieved Walker's jacket and found a small amount of crack cocaine in the pocket. At the scene of arrest, Walker was told he was being arrested for the unlawful use of a weapon and for resisting arrest. While still on the parking lot, Officer Cousins orally advised Walker of his constitutional rights to remain silent and to counsel.

    5. Because Walker complained of injuries in the incident, the officers took him to Barnes Hospital where he was found fit for confinement. During the trips to and from the hospital, Walker made no statement. After the hospital examination, Walker was taken to the police station. There, Officer Walters filled out a booking sheet with information Walker provided him.

## DISCUSSION

<u>Defendant's statements</u>

    None of the statements made by defendant should be suppressed. The government has the burden of establishing the constitutional admissibility of defendant's statements by a preponderance of the evidence. <u>Lego v. Twomey</u>, 404 U.S. 477, 489 (1972); <u>Colorado v. Connelly</u>, 479 U.S. 157, 169 (1986). The admissibility of his statements depends upon whether they are constitutionally voluntary, <u>Connelly</u>, 479 U.S. at 163-67; and, when the statements are made during police interrogation while the defendant was in custody, whether the defendant

had been advised of his constitutional rights to counsel and to remain silent, as prescribed by Miranda v. Arizona, 384 U.S. 436 (1966), and, if the statements were given during custodial interrogation, whether the defendant knowingly and voluntarily waived the Miranda rights, North Carolina v. Butler, 441 U.S. 369, 373, 375-76 (1979).

First, the record is clear that the officers were not constrained by the Constitution from walking up to defendant to speak with him as he paced back and forth in the alleyway. See United States v. Barry, 394 F.3d 1070, 1075 (8th Cir. 2005) (Fourth Amendment permits officers to walk up to person in public place). "As is abundantly clear from Fourth Amendment jurisprudence, police-citizen encounters are part of life, and such encounters only implicate the Constitution when a police officer exerts his authority in such a way that the officer restrains a citizen's liberty." Barry, 394 F.3d at 1077-78.

Here, the officers did not make any show of authority that would lead a reasonable person to believe he was not free to leave. The officers simply asked him for information which he provided, one officer returned to the car, and Officer Cousins told him to relax when he became agitated. The officers did not display their weapons or constrain his freedom in any way. Barry, 394 F.3d at 1076 (officer shining a flashlight on his uniform, and resting his hand on his holstered weapon as he approached a car in a dark alley are not sufficient facts to constitute a seizure).

Initially, the officers and defendant were engaged in a voluntary conversation. There was no evidence of a show of authority or force to indicate that defendant's conversation with the police was compelled. Miranda warnings were not necessary because, as stated above, defendant was not seized and therefore not in custody; he was free to leave. United States v. Pelayo-Ruelas, 345 F.3d 589, 592 (8th Cir. 2003). There are no facts that the biographical information given by defendant, as well as the obscenities and statement that he was wanted, were compelled and not given voluntarily. Defendant provided the biographical information when asked. His spoken obscenities and statement about being wanted were not in response to any interrogation

and were voluntary because they were not coerced. These statements should not be suppressed.

Seizure of Physical Evidence

When defendant pushed Officer Walters into the police vehicle and ran off, the officers had probable cause to arrest defendant for assaulting the officer. For a warrantless arrest to be valid, it must be supported by probable cause. Devenpeck v. Alford, 543 U.S. 146, 152 (2004). "To find probable cause to make a warrantless arrest, the facts and circumstances within the officers' knowledge must be sufficient to justify a reasonably prudent person's belief that the suspect has committed or is committing an offense." United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). The officers must look at the totality of the circumstances when making the determination whether probable cause exists. United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005).

Here, the officers had probable cause to arrest, because they all witnessed him shove Officer Walters. Further, defendant's flight from the officers was an indication of criminal activity other than the shoving of the officer. United States v. Sharpe, 470 U.S. 675, 705 (1985) (deliberate flight, coupled with suspicion of crime, warrants probable cause for arrest); see also United States v. Slipka, 735 F.2d 1064, 1066 (8th Cir. 1984) (flight from police, in addition to other facts, justified probable cause for arrest).

After defendant was lawfully arrested, he and his jacket were lawfully searched without a warrant as an incident to his arrest. A search incident to a lawful arrest is valid, and "requires no additional justification." United States v. Robinson, 414 U.S. 218, 235 (1973); see also United States v. Lewis, 183 F.3d 791, 793-94 (8th Cir. 1999). The officers lawfully searched him for weapons and seized a pistol in his pants pocket. Further, the search of defendant's jacket was lawful, because he abandoned it when he ran from the police. California v. Hodari D., 499 U.S. 621, 629 (1991). The pistol found in his pants and the crack found in his jacket should not be suppressed.

At the police station, the only information the police obtained from defendant was biographical booking information. Miranda warnings are not required before asking routine booking information questions to gather biographical information. United States v. Brown, 101 F.3d 1272, 1274 (8th Cir. 1996). These statements should not be suppressed.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the government for a pretrial determination of the admissibility of evidence (Docs. 9, 10) is sustained.

**IT IS HEREBY RECOMMENDED** that the motions of defendant to suppress evidence and statements (Docs. 8, 15) be denied.

The parties are advised they have until September 25, 2006, to file written objections to this Order and Recommendation. The failure to file timely, written objections may waive the right to appeal issues of fact.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 13, 2006.